Damon C. Elder, OSB No. 085313
Email: damon.elder@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1301 Second Avenue, Suite 3000
Seattle, WA 98101-3808
(206) 274-6400 | Phone

Troy S. Brown, *Admitted Pro Hac Vice*
Email: troy.brown@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
(215) 963-5214 | Phone

Scott L. Mullins, OSB No. 142504
**Mullins Law Office, LLC**
1000 SW Broadway St., Suite 2300
Portland, Oregon 97205
(971) 383-1315 | Phone
scott@slmullins.com

*Attorneys for Defendant WS Acquisition, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WS ACQUISITION, LLC dba WESTERN SHELTERS SYSTEMS an Oregon limited liability company,<br><br>Defendant. | Case No. 6:23-cv-01882<br><br>**DEFENDANT'S MOTION TO STAY PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS** |

## I.    <u>LOCAL RULE 7-1 CERTIFICATION</u>

In compliance with LR 7-1, the undersigned counsel for Defendant WS Acquisition, LLC, d/b/a Western Shelters Systems ("WSS" or "Defendant") certify that prior to filing this motion, counsel conferred with counsel for Plaintiff Siemens Medical Solutions USA, INC.'s ("Plaintiff") regarding the matters in this motion.  Despite these efforts, the parties have been unable to resolve the conflicts at issue in this motion.

## II.    <u>INTRODUCTION</u>

WSS respectfully moves this Court to exercise its inherent case management authority by staying discovery and all other deadlines in this matter pending the Court's ruling on WSS's motion to dismiss.  Dkt. 19.  This Court has broad discretion on scheduling matters, and there is good cause to grant such a stay.  WSS's motion to dismiss would completely resolve Plaintiff's Complaint, which would render any discovery-related efforts and costs in the meantime a waste of the parties' resources.  Further, even if Plaintiff's Complaint were to survive dismissal, the Court's decision on WSS's motion to dismiss is likely to shape the contours of this case, such that it should be resolved before any discovery takes place.

These benefits are particularly pronounced considering Plaintiff will suffer no prejudice if the stay is granted.  This case has just begun.  The parties have not yet propounded any discovery (at the time of this filing), and oral argument on the motion to dismiss is scheduled for June 4, 2024, less than a month away.  Any delay is likely to be short, while saving all parties significant expense on potentially needless discovery.  Thus, it is in the interest of all parties and the Court to delay discovery and postpone any other case deadlines until WSS's motion to dismiss is resolved. The Court should grant WSS's request for a stay.

### III.    BACKGROUND

On December 13, 2023, Plaintiff filed its Complaint alleging a single breach of contract claim against WSS.  Dkt. 1.  Plaintiff alleges that Siemens and WSS entered into a Teaming Agreement and a Term Sheet to negotiate a future subcontract to supply computer tomography scanners mounted in containers ("integrated units") to the United States Department of Defense ("DoD").  Compl. at ¶ 1.  Plaintiff alleges WSS failed to deliver the integrated units, ostensibly in breach of contract.  *Id*. at ¶¶ 50-55.

On March 11, 2024, WSS moved to dismiss Plaintiff's Complaint in its entirety, arguing that the parties' agreements contained no binding performance obligations to deliver integrated units and, to the contrary, expressly permitted both parties to walk away without any resulting liability.  *See generally* Dkt. 19.  On April 29, 2024, the Court scheduled oral argument for the motion to dismiss on June 4, 2024, at 11:00 AM.  Dkt. 26.

### IV.    LEGAL ARGUMENT

Courts have broad discretion to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("A district court's decision to allow or deny discovery is reviewable only for abuse of discretion.").  This discretion is properly exercised by staying discovery pending a motion to dismiss upon a showing of good cause, because "the purpose of [a motion to dismiss] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim **before** forcing the parties to undergo the expense of discovery."  *Id.* (emphasis added).

Neither the Federal Rules of Civil Procedure nor the Ninth Circuit have provided a clear standard for evaluating a motion to stay discovery based on a potentially dispositive motion, such

as a motion to dismiss. *See, e.g.*, *Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016).[1] Courts in this District have employed various methods to evaluate these requests, including looking to the factors set forth in *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). *See Ciuffitelli*, 2016 WL 6963039, at *4; *Ireland v. Bend Neurological Assocs. LLC*, 2017 WL 11571782, at *2 (D. Or. May 8, 2017); *Valmarc Corp. v. Nike, Inc.*, No. 3:21-cv-01556-IM, ECF No. 59 (D. Or. Apr. 3, 2022). In *Skellerup*, the court set forth a non-exhaustive list of factors to consider when deciding a motion to stay discovery pending a dispositive motion, including:

> [T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

*Skellerup Indus. Ltd.*, 163 F.R.D. at 601.

Other courts have simply looked to whether the pending motions are potentially dispositive and whether additional discovery would be needed to resolve them. *See Stauffer v. Matarazzo*, 2023 WL 8096907, at *2 (D. Or. Nov. 21, 2023) (granting a stay pending the outcome of motions to dismiss because the motions were potentially dispositive and required no additional discovery). Regardless of the rubric, the precedent in this District generally recognizes that, "[o]nly if a motion to dismiss appears on its face to be frivolous or without any merit should the court deny out-of-hand a discovery stay request." *Ciuffitelli*, 2016 WL 6963039, at *6; *Valmarc Corp.*, No. 3:21-cv-01556-IM, ECF No. 59 at 3.

---

[1] Some courts premise a stay of discovery on the court's inherent authority, while other courts premise such a stay on the authority to grant a protective order under Fed R. Civ. Pro. 26(c). *Compare Little*, 863 F.2d at 685 (affirming trial court's decision to stay discovery pending ruling on dispositive motion based on court's inherent authority to control discovery), *with Stauffer v. Matarazzo*, 2023 WL 8096907, at *1 (D. Or. Nov. 21, 2023) (staying discovery pursuant to Fed. R. Civ. P. 26(c)). Either way, a court may grant a stay upon a showing of good cause.

Here, the Court should grant this motion because there is good cause to stay discovery pending the resolution of WSS's motion to dismiss. If granted, WSS's motion would result in the dismissal of Plaintiff's Complaint in its entirety. No further discovery is needed to decide the motion, as the motion assumes the truth of the facts alleged in Plaintiff's Complaint, and the exhibits attached thereto, pursuant to Rule 12(b)(6). Further, Plaintiff will suffer no prejudice. Neither party has begun serving discovery, no trial date has been set, and oral argument on the motion is scheduled for June 4, 2024, which is only a few weeks away. Indeed, all parties would benefit from minimizing unnecessary discovery costs through the entry of such a stay.

**A.     A Stay is Appropriate Because WSS's Motion to Dismiss Raises Legal Questions Likely to Dispose of This Case, and No Discovery is Needed.**

WSS's motion to dismiss focuses on the application of the express terms of the parties' agreements, which courts in Oregon can determine as a matter of law. *See, e.g.*, *Ken Hood Constr. Co. v. Pac. Coast Constr., Inc.*, 201 Or. App. 568, 577 (2005). Plaintiff's single claim is that WSS ostensibly breached a contract between the parties by failing to deliver integrated units to Plaintiff. *See generally* Dkt. 1. WSS's motion to dismiss argues that the only enforceable agreement between the parties contains no obligation to ***perform***, and instead expressly provided that both parties could walk away at any time without liability. *See generally* Dkt. 19.

No further discovery is needed to decide this legal issue, as the motion to dismiss relies solely on the Complaint and the documents attached thereto. Because "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery," *Rutman Wine*, 829 F.2d at 738, the Court should stay discovery until the threshold legal deficiencies of Plaintiff's Complaint are resolved.

**B.     This Case is in its Infancy and Plaintiff Would Suffer No Prejudice From a Stay—Indeed, a Stay Would Benefit All Parties.**

The present posture of this case supports a stay, which would cause no prejudice to Plaintiff. *See Pfizer Inc. v. Johnson & Johnson*, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018) (citing cases for proposition that "a stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay"). No trial date has been set. The parties have yet to conduct a Rule 26(f) conference, and their discovery plan is not due until May 29, 2024. Neither side has propounded discovery, nor is such discovery permitted until the Rule 26(f) conference takes place. Moreover, the Court has scheduled oral argument on WSS's motion to dismiss for June 4, 2024. Thus, even if Plaintiff's Complaint survives dismissal, any delay in commencing discovery or on the overall case schedule should only be modest.

Conversely, the benefits of the stay would be felt by all parties. If the Court grants WSS's motion to dismiss, the cost savings resulting from a stay pending that decision would not only redound to WSS, but to Plaintiff as well. *See Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 675 (S.D. Cal. 2001) ("should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources."). By contrast, WSS would be severely prejudiced if a stay is denied. The parties' contract contained an express provision that either party could walk away "***at any time with no resulting liability***." Dkt. 1-3 at 3 (emphasis added). The benefit of this bargain would be severely undermined if WSS had to bear the cost of discovery on a breach-of-contract claim that this Court determines lacks merit as a matter of law.

The benefits of a stay would also be felt beyond Plaintiff and WSS, because Plaintiff's allegations reference multiple third-parties that would be burdened by any discovery that turns out

to be needless if the Court dismisses Plaintiff's Complaint. The underlying contract at issue here envisioned a potential future subcontract under which WSS would manufacture integrated units that Plaintiff would supply to the DoD for military application. Plaintiff alleges that WSS's supposed breach undermined Plaintiff's ability to perform under its own contract with DoD, and forced it to find replacement suppliers, allegedly causing Plaintiff's damages. Compl. at ¶¶ 50–55. On these allegations, WSS expects that discovery could be needed from multiple third-parties if the case goes forward, including Plaintiff's replacement suppliers and DoD—all of which would be unnecessary if WSS's motion to dismiss is granted. Instead of forcing such discovery to commence at this time, it would be far more efficient to wait for the outcome of the motion to dismiss, and to forego this discovery entirely if the case is dismissed on the pleadings.

### C.    Even if Plaintiff's Complaint Survives Dismissal, the Court's Decision on WSS's Motion to Dismiss Could Narrow Discovery Substantially.

Commencing discovery before the Court decides WSS's motion to dismiss would be impractical, and may require the Court to attend to threshold legal questions on an *ad hoc* basis in the context of discovery disputes rather than in the unitary context of whether Plaintiff's Complaint states a claim for relief. *See Ciuffitelli*, 2016 WL 6963039, at *8 ("Another relevant other circumstance is the risk that the merits of claims or defenses will be decided in the context of discovery motions, because the requests for production and motions to dismiss share common disputed issues."). For example, in its opposition to WSS's motion to dismiss, Plaintiff argues (without citing precedent) that various purchase orders imposed contractual obligations on WSS. Dkt. 22 at 16. WSS disputes this argument, *see* Dkt. 25 at 10–15, and the Court will have to resolve whether this theory is viable as a matter of law in its decision on WSS's motion. If the Court agrees with WSS on this point, then discovery will much more focused because the potential contract terms at issue in the case will be limited to the Term Sheet and Teaming Agreement.

Compl. at ¶¶ 17–18.  Further, dismissing Plaintiff's theory that WSS accepted the purchase orders through "performance" will narrow any discovery regarding the parties' alleged course of performance after the Term Sheet was executed.  *See* Dkt. 25 at 8–15.  Considering these efficiency gains, staying discovery at this time will serve the interests of both parties ***even if*** the Complaint survives dismissal.  *See Mireskandari v. Daily Mail & Gen. Tr. PLC,* 2013 WL 12129944, at *4 (C.D. Cal. Jan. 14, 2013) (staying discovery pending resolution of a dispositive motion "will permit plaintiff to conduct more tailored and efficient discovery on any remaining claims").

## V.    <u>CONCLUSION</u>

For the reasons set forth above, WSS's motion to stay discovery should be granted.

///


///


///

Dated: May 13, 2024

*This Brief Contains 2,186 Words, in
Compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By   *s/ Damon C. Elder*
_____
Damon C. Elder, OSB No. 085313
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Email: damon.elder@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**

By   *s/ Troy S. Brown*
_____
Troy S. Brown, (*Pro Hac Vice*)
2222 Market Street
Philadelphia, PA 19103
Email: troy.brown@morganlewis.com

**MULLINS LAW OFFICE, LLC**

By   *s/ Scott L. Mullins*
_____
Scott L. Mullins, OSB No. 142504
1000 SW Broadway St., Suite 2300
Portland, OR 97205
Email: scott@slmullins.com

*Attorneys for Defendant*