EDWARD A. PIPER, OSB No. 141609
ed@angelilaw.com
ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

GEORGE D. RUTTINGER, *pro hac vice*
gruttinger@crowell.com
ANUJ VOHRA, *pro hac vice*
avohra@crowell.com
WILLIAM B. O'REILLY, *pro hac vice*
woreilly@crowell.com
MOLLY A. JONES, *pro hac vice*
mojones@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116


*Attorneys for Plaintiff Siemens Medical Solutions USA, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WS ACQUISITION, LLC dba WESTERN SHELTER SYSTEMS, an Oregon limited liability company,<br><br>Defendant. | Case No. 6:23-cv-01882<br><br>**PLAINTIFF SIEMENS MEDICAL SOLUTIONS USA, INC.'S ANSWER TO DEFENDANT WS ACQUISITION, LLC'S COUNTERCLAIMS** |

PAGE 1 – SIEMENS' ANSWER TO WSS' COUNTERCLAIMS

Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens Healthineers" or "Plaintiff"), by and through its undersigned counsel, hereby responds and asserts affirmative defenses to the claims and allegations asserted in Defendant/Counter-Claimant WS Acquisition, LLC dba Western Shelter Systems' ("WSS" or "Defendant") Answer and Counterclaims to Plaintiffs Complaint ("Defendant's Counterclaim") (Dkt. 39).

## ANSWER TO DEFENDANT'S COUNTERCLAIMS

### PARTIES

22.     Plaintiff admits the allegations in Paragraph 22 of Defendant's Counterclaim.

23.     Plaintiff admits the allegations in Paragraph 23 of Defendant's Counterclaim.

### JURISDICTION

24.     Paragraph 24 of Defendant's Counterclaim states a legal conclusion to which no response is required.

### DEFENDANT'S FACTUAL ALLEGATIONS

25.     Plaintiff admits that the Parties agreed to a Term Sheet on March 6, 2018. Plaintiff otherwise denies the allegations in Paragraph 25 of Defendant's Counterclaim.

26.     Plaintiff admits that it was awarded a contract by the U.S. Department of Defense ("DoD") following execution of the Term Sheet, and that the parties thereafter began negotiating additional terms and conditions to the Term Sheet.  Plaintiff otherwise denies the allegations in Paragraph 26 of Defendant's Counterclaim.

27.     Plaintiff denies the allegations in Paragraph 27 of Defendant's Counterclaim.

28.     Plaintiff denies the allegations in Paragraph 28 of Defendant's Counterclaim.

29.     Plaintiff admits that Defendant sent an email on July 12, 2019; that document speaks for itself.  Plaintiff otherwise denies the allegations in Paragraph 29 of Defendant's Counterclaim.

30.     Plaintiff admits that it issued purchase orders to Defendant.  Plaintiff otherwise denies the allegations in Paragraph 30 of Defendant's Counterclaim.

31.     Plaintiff admits that Defendant sent an email on September 10, 2019; that document speaks for itself.  Plaintiff otherwise denies the allegations in Paragraph 31 of Defendant's Counterclaim.

32.     Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of Defendant's Counterclaims.

33.     Plaintiff admits that Defendant sent emails containing the language quoted in Defendant's Counterclaim.  Plaintiff otherwise denies the allegations in Paragraph 33 of Defendant's Counterclaim.

34.     Plaintiff admits that it sent an email on December 13, 2019; that document speaks for itself.  Plaintiff otherwise denies the allegations in Paragraph 34 of Defendant's Counterclaim.

35.     Plaintiff admits that it worked with Artemis Shielding.  Plaintiff otherwise denies the allegations in Paragraph 35 of Defendant's Counterclaim.

36.     Plaintiff denies the allegations in Paragraph 36 of Defendant's Counterclaim.

37.     Plaintiff admits that the Parties exchanged emails in December 2019; those documents speak for themselves.  Plaintiff otherwise denies the allegations in Paragraph 37 of Defendant's Counterclaim.

38.     Plaintiff admits that it sent an email on December 18, 2019; that document speaks for itself.  Plaintiff otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of Defendant's Counterclaim.

39.     Plaintiff admits that Defendant sent an email on January 9, 2020; that document speaks for itself.  Plaintiff otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of Defendant's Counterclaim.

40.     Plaintiff admits that it sent an email on January 22, 2020; that document speaks for itself.  Plaintiff otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of Defendant's Counterclaim.

41.     Plaintiff denies the allegations in Paragraph 41 of Defendant's Counterclaim.

42.     Plaintiff admits sending Defendant a termination notice on February 28, 2020. Plaintiff otherwise denies the allegations in Paragraph 42 of Defendant's Counterclaim.

43.     Plaintiff denies the allegations in Paragraph 43 of Defendant's Counterclaim.

## COUNTERCLAIMS

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract and Anticipatory Repudiation)

44.     Plaintiff repeats and incorporates by reference its prior answers as if fully set forth herein.

45.     Plaintiff denies the allegations in Paragraph 45 of Defendant's Counterclaim.

46.     Plaintiff denies the allegations in Paragraph 46 of Defendant's Counterclaim.

47.     Plaintiff denies the allegations in Paragraph 47 of Defendant's Counterclaim.

### SECOND CLAIM FOR RELIEF
#### (Breach of the Covenant of Good Faith and Fair Dealing)

48.     Plaintiff repeats and incorporates by reference its prior answers as if fully set forth herein.

49.     Paragraph 49 of Defendant's Counterclaim states a legal conclusion to which no response is required.

50.     Plaintiff denies the allegations in Paragraph 50 of Defendant's Counterclaim.

51.     Plaintiff denies the allegations in Paragraph 51 of Defendant's Counterclaim.

52.     Plaintiff denies the allegations in Paragraph 52 of Defendant's Counterclaim.

**AFFIRMATIVE DEFENSES**

Plaintiff hereby asserts the following defense to the Counterclaim and to the purported causes of action contained therein.  By asserting the defenses set forth below, Plaintiff does not admit or allege that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

1.      Defendant's allegations against Plaintiff fail to state a claim upon which relief may be granted;

2.      Defendant has suffered no damages as a result of any acts or omissions by Plaintiff;

3.      Defendant has failed to mitigate its damages, if any;

4.      Defendant's claims are barred, in whole or in part, by the doctrines of waiver and/or acquiescence.

5.      Defendant's claims are barred, in whole or in part, by the doctrine of estoppel;

6.      Defendant's claims are barred, in whole or in part, by WSS' failure to provide Siemens Healthineers with adequate notice of an alleged breach;

7.      Defendant committed acts constituting prior material breaches which preclude Defendant from recovery;

8.      Defendant's claims are barred, in whole or in part, because Defendant prevented Plaintiff's performance;

9.      Defendant's claims are barred, in whole or in part, by the doctrine of anticipatory repudiation;

10.      Defendant's claims are barred, in whole or in part, by the statute of limitations;

11.      Defendant's claims are barred, in whole or in part, by the doctrine of laches;

12.      Defendant's claims are barred, in whole or in part, because of Plaintiff's fraudulent inducement;

13.      Defendant's unclean hands, bad faith conduct, unfair trade practices, and/or fraudulent and unethical behavior preclude Defendant's claims and requested relief in this case;

PAGE 5 – SIEMENS' ANSWER TO WSS' COUNTERCLAIMS

14.     Defendant's claims, if any, are subject to set-off or recoupment on account of monies owed to Plaintiff by Defendant.  Plaintiff requests for an accounting which may also result in this Court determining that further amounts are owing to Plaintiff;

15.     Defendant's claims are barred by applicable state or federal law;

16.     Defendant reserves the right to assert additional defenses as discovery progresses.

## DEFENDANT'S PRAYER

Plaintiff Denies that Defendant is entitled to any relief whatsoever, and respectfully requests this Court dismiss all of Defendant's counterclaim causes of action and damages sought.

Dated: August 21, 2024                              Respectfully submitted,

**ANGELI LAW GROUP LLC**

By   *s/Edward A. Piper*
        Edward A. Piper, OSB No. 020244
        121 SW Morrison St., Suite 400
        Portland, OR 97204
        Email: ed@angelilaw.com

**CROWELL & MORING LLP**

By   *s/Anuj Vohra*
        Anuj Vohra (*Pro Hac Vice*)
        George David Ruttinger (*Pro Hac Vice*)
        William Benjamin O'Reilly (*Pro Hac Vice*)
        Molly A. Jones (*Pro Hac Vice*)
        1001 Pennsylvania Avenue, NW
        Washington, DC 20004
        Email: avohra@crowell.com
                gruttinger@crowell.com
                woreilly@crowell.com
                mojones@crowell.com

*Attorneys for Plaintiff Siemens Medical Solutions USA, Inc*

PAGE 6 – SIEMENS' ANSWER TO WSS' COUNTERCLAIMS