EDWARD A. PIPER, OSB No. 141609
ed@angelilaw.com
ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

GEORGE D. RUTTINGER, *pro hac vice*
gruttinger@crowell.com
ANUJ VOHRA, *pro hac vice*
avohra@crowell.com
WILLIAM B. O'REILLY, *pro hac vice*
woreilly@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

MOLLY A. JONES, *pro hac vice*
mojones@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

*Attorneys for Plaintiff Siemens Medical Solutions USA, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br> v.<br><br>WS ACQUISITION, LLC dba WESTERN SHELTER SYSTEMS, an Oregon limited liability company<br><br>   Defendant. | Case No. 6:23-cv-01882-MC<br><br>**STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

PAGE 1 – STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER

Pursuant to LR 26-1, Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens Healthineers") and Defendant WS Acquisition, LLC dba Western Shelter Systems ("WSS") hereby stipulate to and request entry of an order concerning the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

### A.   General Principles

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LR 26-1, the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

### B.   ESI Disclosures

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-Custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

C. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including the number and identity of custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

    a. Prior to running searches:

        i. The producing party shall disclose the data sources (including the custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and

discoverable information. The producing party will provide document hit counts, hits with families, and unique hit counts for each search query.

      ii.  After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

      iii.  The following provisions apply to search terms / queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and provide a counterproposal correcting the overbroad search or query.

  3.  <u>Format.</u>

    a.  ESI will be produced to the requesting party with searchable text, in one of the following acceptable formats: native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

    b.  Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c. Each document image file shall be named with a unique number (*i.e.*, Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e. The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members

PAGE 5 – STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER

and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

      6.    <u>Metadata Fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

    **D.**    **Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

      1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

      2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E. Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each

document and the basis for the claim (*e.g.*, attorney-client privileged, work-product protection, etc.). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. The parties may agree in writing to certain categories of similarly situated documents, which may be categorically logged, however, absent such agreement, the parties shall individually log each document withheld on the basis of an asserted privilege or protection. A single document containing multiple email messages (*i.e.*, an email chain) may be logged as a single entry with sending and recipient information for only the most inclusive email message if the entire chain is privileged. A document family (*e.g.*, an email and its attachments) may be logged as a single entry so long as the entire family is privileged and the log entry accurately describes both the parent and its attachment(s). Attorneys and their staff must be identified in the log with an asterisk and a separate listing of such attorneys identifying for each their respective law firm or the corporate legal department where the attorney worked must accompany the log. Privilege logs will be produced to all other parties in Microsoft Excel and PDF format no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties

    2.    Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

    3.    With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.	Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.	Pursuant to Fed. R. Evid. 502(d), the production of any documents, ESI, or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

SO STIPULATED:

DATED: November 13, 2024

| **CROWELL & MORING LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|

By  *s/ Anuj Vohra*  
    Anuj Vohra (*Pro Hac Vice*)  
    George David Ruttinger (*Pro Hac Vice*)  
    William Benjamin O'Reilly (*Pro Hac Vice*)  
    1001 Pennsylvania Avenue, NW  
    Washington, DC 20004  
    Email: avohra@crowell.com  
           gruttinger@crowell.com  
           woreilly@crowell.com  

    Molly A. Jones (*Pro Hac Vice*)  
    3 Embarcadero Center, 26th Floor  
    San Francisco, CA 94111  
    Email: mojones@crowell.com  

**ANGELI LAW GROUP LLC**

By  *s/ Edward A. Piper*  
    Edward A. Piper, OSB No. 020244  
    121 SW Morrison St., Suite 400  
    Portland, OR 97204  
    Email: ed@angelilaw.com  

*Attorneys for Plaintiff Siemens Medical Solutions USA, Inc.*

By  *s/ Damon C. Elder*  
    Damon C. Elder, OSB No. 085313  
    1301 Second Avenue, Suite 3000  
    Seattle, WA 98101  
    Email: damon.elder@morganlewis.com  

    Troy Brown (*Pro Hac Vice*)  
    2222 Market Street  
    Philadelphia, PA 19103  
    Email: troy.brown@morganlewis.com  

**MULLINS LAW OFFICE, LLC**

By  *s/ Scott L. Mullins*  
    Scott L. Mullins, OSB No. 142504  
    1000 SW Broadway St., Suite 2300  
    Portland, OR 97205  
    Email: scott@slmullins.com  

*Attorneys for Defendant WS Acquisition, LLC*

**[PROPOSED] ORDER**

    IT IS SO ORDERED.

DATED: _____, 2024

_____  
The Honorable Michael J. McShane  
Chief United States District Judge