**EDWARD A. PIPER**, OSB No. 141609
ed@angelilaw.com
ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**GEORGE D. RUTTINGER**, *pro hac vice*
gruttinger@crowell.com
**ANUJ VOHRA**, *pro hac vice*
avohra@crowell.com
**WILLIAM B. O'REILLY**, *pro hac vice*
woreilly@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

**MOLLY A. JONES**, *pro hac vice*
mojones@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

*Attorneys for Plaintiff Siemens Medical Solutions USA, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br> v.<br><br>WS ACQUISITION, LLC dba WESTERN SHELTER SYSTEMS, an Oregon limited liability company<br><br>   Defendant. | Case No. 6:23-cv-01882-MC<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1)(A)-(B), Plaintiff and Counterclaim Defendant Siemens Medical Solutions USA, Inc. ("Siemens Healthineers") certifies that its counsel has attempted to confer in good faith with counsel for Defendant and Counterclaim Plaintiff WS Acquisition, LLC dba Western Shelter Systems ("WSS"). On December 6, 2024, Siemens Healthineers' sent WSS' counsel a redlined proposed First Amended Complaint and asked for WSS' position on this motion in advance of Siemens Healthineers' anticipated filing. On December 9, 2024, Siemens Healthineers' counsel also called counsel for WSS, spoke with his assistant, and sent a follow-up email to ascertain WSS' position on this motion. On December 10, 2024, WSS' counsel responded that he would confer with his client after a hearing in another matter on December 11, 2024. Siemens Healthineers' counsel responded the same day and requested to meet and confer the next day. WSS' counsel did not respond to the request to meet and confer. On December 11, 2024, Siemens Healthineers' counsel sent another follow-up email requesting WSS' position on this motion. As of this filing, WSS' counsel has not responded to Siemens Healthineers' multiple requests to meet and confer or to provide WSS' position on this motion.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Siemens Healthineers moves for leave to file a First Amended (the "First Amended Complaint"). Pursuant to Local Rule 15-1(b), Siemens Healthineers files herewith as **Exhibit A** a copy of the proposed pleading that shows through redline how the amended pleading differs from the original pleading.

## SUPPORTING MEMORANDUM

### I.  INTRODUCTION

Siemens Healthineers seeks leave to amend its Complaint to include claims for breach of the implied covenant of good faith and fair dealing and fraudulent inducement. These new claims are based upon information Siemens Healthineers learned during the December 3, 2024 deposition of Jean-Louis Gomes, a former WSS sales lead with specific responsibility for, and direct knowledge of, the project that is the subject of this dispute.[1]

Justice requires that Siemens Healthineers be granted leave to file its proposed First Amended Complaint. The parties have only just begun fact discovery in this matter. Mr. Gomes' deposition was the first deposition taken, and the parties have yet to finalize agreement on search terms, much less review and produce documents in this case, with the limited exception of documents produced by the parties in advance of Mr. Gomes' deposition. Accordingly, the proposed amendment would not alter the course of discovery already in progress nor substantially increase the burden on WSS to review and produce documents in response to Siemens Healthineers' document requests. WSS will therefore not be prejudiced by the proposed First Amended Complaint. Further, as there is no evidence of undue delay, bad faith, or repeated failure to cure deficiencies by Siemens Healthineers, and the proposed amendment is not futile, no circumstances in this case overcome the presumption in favor of granting leave to amend.

---

[1] At the June 4, 2024, hearing on WSS' Motion to Dismiss (ECF No. 33), the Court indicated that because all contracts are imbued with an implied covenant of good faith and fair dealing, it would not have been strictly necessary for Siemens Healthineers to amend the Complaint in order to be able to recover under such a claim. Nonetheless, for the sake of completeness in connection with its request to amend the complaint to add a new claim for fraud, Siemens Healthineers also includes a claim for breach of the implied covenant of good faith and implied dealing. *See* Exhibit A at ¶¶ 59–64.

PAGE 3 – MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

On December 13, 2023, Siemens Healthineers filed its Complaint, asserting a claim for Default and Breach of Contract arising out of the parties' relationship performing work required by a United States of Department of Defense ("DOD") contract awarded to Siemens Healthineers for the integration of computed tomography scanners ("CT scanners") into deployable shipping containers (the "Deployable CT Project"). ECF No. 1. The Complaint explains that WSS failed to meet numerous deadlines imposed by the parties' contractual agreements (necessary to comply with the requirements of Siemens Healthineers' DOD contract) before repudiating its obligations altogether. *Id*.

On March 11, 2024, WSS filed a Motion to Dismiss the Complaint. ECF No. 19. On July 9, 2024, the Court denied WSS' Motion to Dismiss. ECF No. 39. On July 31, 2024, WSS filed its Answer and Counterclaims. ECF No. 39. On August 21, 2024, Siemens Healthineers filed its Answer to WSS' Counterclaims. ECF No. 42. On August 29, 2024, the Court entered the parties' agreed-upon scheduling order which, as relevant here, requires fact discovery to be completed by March 10, 2025, and expert discovery to be completed by May 27, 2025, and sets a trial date of September 15, 2025. ECF No. 42.

The parties are still in the earliest stages of fact discovery and have not yet negotiated search terms, much less completed document productions in response to the parties' respective document requests. On November 15, 2024, Siemens Healthineers provided notice of its intent to serve a subpoena, and served the subpoena, on non-party witness Jean-Louis Gomes, a former WSS salesperson who was directly involved in WSS' efforts to win the subcontract as Siemens Healthineers' integrator on the Deployable CT Project and was responsible for communicating with Siemens Healthineers regarding the project. On December 3, 2024, counsel for Siemens

Healthineers conducted Mr. Gomes' deposition. Mr. Gomes testified that WSS knowingly and intentionally overstated its experience and expertise in the integration work required under the project to induce Siemens Healthineers into a teaming relationship and removed from the project any WSS employees, including Mr. Gomes, who expressed concerns internally over WSS' conduct. Siemens Healthineers files this motion for leave to amend its Complaint to include claims for breach of the implied covenant of good faith and fair dealing and fraudulent inducement, based upon Mr. Gomes' testimony. *See* Exhibit A, Proposed First Amended Complaint.

### III.    ARGUMENT

#### A.    Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." In the Ninth Circuit, the policy favoring amendments to pleadings is applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Although the court's decision to grant leave to amend is discretionary, that discretion is guided by the "the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs*, 833 F.2d at 186; *see also Arnell v. Mayflower Transit, Inc.*, 968 F. Supp. 521, 523 (D. Nev. 1997) (permitting plaintiff to add additional causes of action where prior order granting leave to amend "did not state that only [certain] claims would be allowed"). Rather, the Supreme Court has established that leave should be "freely given" in the absence of "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052. When weighing the factors, motions to amend should be resolved "with all inferences in favor of granting the motion." *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999); *see also Arnell*, 968 F. Supp. at 523.

### B. WSS Will Not Be Prejudiced by the Filing of Siemens Healthineers' Proposed First Amended Complaint

"As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Ni-Q, LLC v. Prolacta Bioscience, Inc.*, 407 F. Supp. 3d 1153, 1160 (D. Or. 2019) (citing *Eminence Cap.*, 316 F.3d at 1052). However, the "party opposing the motion to amend must make a showing that it would suffer substantial prejudice." *Heffington v. Gordon, Aylworth & Tami, P.C.*, No. 3:16-CV-02079-AC, 2017 WL 3234386, at *2 (D. Or. July 28, 2017) (citing *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)). A "motion for a leave to amend causes substantial prejudice when it creates additional discovery or cost, whether by altering the nature of the litigation or causing an extreme delay late in the litigation." *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Here, WSS will not be prejudiced by Siemens Healthineers' request for leave, nor can it demonstrate otherwise. The addition of Siemens Healthineers' new claims does not substantially alter the nature or course of the litigation. The new claims are premised on the same set of

operative facts, implicates the same set of potential party witnesses, and will have no significant impact on the scope of the parties' discovery.

Moreover, this case remains in its early stages. Again, the parties have only recently exchanged proposed search terms and have not yet completed their negotiation of search terms and custodians, much less completed the collection, review, and production of documents in response to the parties' document requests. The preservation deposition of Mr. Gomes, a third-party witness, was the first taken by either side, and it was preceded only by very limited document productions by the parties at WSS' request. Indeed, as of this date, WSS has not noticed any depositions. Under these circumstances, WSS will suffer no prejudice as a result of Siemens Healthineers' requested leave. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-CV-1142-HZ, 2016 WL 8732373, at *5 (D. Or. Apr. 1, 2016) (granting leave to amend where "discovery has yet to begin in earnest"); *Idylwilde, Inc. v. Umpqua Feather Merchants, LLC*, No. 3:13-CV-02009-HZ, 2014 WL 12775086, at *2 (D. Or. June 30, 2014) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)) (amendment to pleading is reasonable where discovery has just begun).

As prejudice is the "touchstone of the inquiry under rule 15(a)," the lack thereof here warrants that leave to amend be granted. *See Eminence Cap.*, 316 F.3d at 1052 (citation omitted).

    **C.**    **None of the *Foman* Factors Negates the Presumption in Favor of Granting Siemens Healthineers' Request for Leave**

        **1.**    **Siemens Healthineers Has Not Delayed in Making This Request**

Siemens Healthineers brings this motion for leave to amend as quickly as possible following the December 3, 2024, deposition of Mr. Gomes, but in any case, "[d]elay alone—no matter how lengthy—is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (cleaned up) (citing *Howey*, 481 F.2d at 1191); *Jones v.*

PAGE 7 – MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

*Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997) ("Delay alone is insufficient to justify denial of leave to amend; the party opposing amendment must also show that the amendment sought is futile, in bad faith or will cause undue prejudice[.]"). Thus, whether a party "could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend." *Howey*, 481 F.2d at 1191; *Webb*, 655 F.2d at 980 ("The mere fact that an amendment is offered late in the case is . . . not enough to bar it." (citation omitted)).

Here, there has been no delay at all, let alone delay sufficient to warrant denial of Siemens Healthineers' motion. Siemens Healthineers was prepared to file its motion within days of learning of the information from Mr. Gomes' deposition that animates it. In fact, Siemens Healthineers could have brought this request sooner were it not for its agreement to push back Mr. Gomes' deposition by nearly one month to accommodate the schedule of WSS' counsel and the delays caused by Siemens Healthineers' attempts to conduct the Local Rule 7-1 meet and confer concerning this motion.

### 2. Siemens Healthineers' Is Not Making This Request with Wrongful Motive or Bad Faith

"In the context of a motion to amend, bad faith exists where a party intends 'to deceive, harass, mislead, delay, or disrupt.'" *Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-cv-2113-SI, 2016 WL 11673273, at *5 (D. Or. July 26, 2016) (quoting *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015)). Bad faith means "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity" and "contemplates a state of mind affirmatively operating with furtive design or ill will." *Id*.

Here, Siemens Healthineers bring this motion expeditiously upon learning new information via discovery that provides it with an additional claim and basis for recovery—not

for any wrongful motive or bad faith. Because "there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith." *DCD Programs*, 833 F.2d at 187; *Adidas*, 2016 WL 11673273, at *5 ("There is no evidence that Plaintiffs delayed amendment out of ill will or in order to force [defendant] to incur unnecessary expenses. Accordingly, the Court finds that Plaintiffs did not act in bad faith.").

### 3. Siemens Healthineers' Requested Amendment Is Not Futile

"Courts must assess the futility prong of a Rule 15(a) motion under the same standard as a Rule 12(b)(6) motion: Does the plaintiff state a plausible claim for relief?" *Fulton v. Advantage Sales & Marketing, LLC*, No. 3:11-cv-01050-MO, 2012 WL 5182805, at *2–3 (D. Or. Oct. 18, 2012). Siemens Healthineers does state plausible claims for relief under theories of fraudulent inducement, and in so doing, clarifies the basis of its entitlement. Accordingly, the proposed amendment is not futile. *Syntex Healthcare Prods. Co., Ltd. v. McCreless Enterprises, LLC*, No. EDCV 21-593 JGB (SPx), 2022 WL 18397353, at *2 (C.D. Cal. Nov. 22, 2022) ("Amendment would not be futile, as Plaintiffs merely seek to clarify the bases on which they pray for relief, which they appear entitled to if they prove their case.").

### D. Siemens Healthineers Has Not Previously Amended Its Complaint

The "district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *DCD Programs*, 833 F.2d at 186 n.3 (citation omitted). In this case, however, Siemens Healthineers has not previously amended its Complaint, rendering this factor "irrelevant." *Leinbach v. Sawyer & Sons Constr. LLC*, No. 3:20-CV-00378-AC, 2020 WL 5638627, at *2 (D. Or. Sept. 1, 2020) (granting leave to amend, reasoning in part there had been "no prior attempts to cure deficiencies in the pleadings").

PAGE 9 – MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Thus, the presumption in favor of granting leave to amend applies here, and, given the absence of prejudice and a strong showing of the other *Foman* factors detailed above, the proposed First Amended Complaint should be allowed. *See, e.g.*, *Eminence Cap.*, 316 F.3d at 1052; *Lafont v. Fed. Express Corp.*, No. 3:16-CV- 02072-SB, 2017 WL 4897785, at *2 (D. Or. Sept. 22, 2017) (granting leave to amend despite plaintiff "assert[ing] new legal theories" because defendant was not prejudiced by the amendment, and it was the plaintiff's "first request to amend the complaint").

## IV.  CONCLUSION

For the reasons stated herein, Siemens Healthineers respectfully requests that the Court grant this motion for leave to amend and permit the filing of the proposed First Amended Complaint.

|  |  |
|---|---|
| | Respectfully submitted, |
| DATED: December 11, 2024 | **CROWELL & MORING LLP** |
| | By: *s/ Anuj Vohra*<br>Anuj Vohra (*Pro Hac Vice*)<br>George David Ruttinger (*Pro Hac Vice*)<br>William Benjamin O'Reilly (*Pro Hac Vice*)<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Email: avohra@crowell.com<br>           gruttinger@crowell.com<br>           woreilly@crowell.com |
| | Molly A. Jones (*Pro Hac Vice*)<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Email: mojones@crowell.com |
| | **ANGELI LAW GROUP LLC** |
| | By: *s/ Ed Piper*<br>Edward A. Piper, OSB No. 020244<br>121 SW Morrison St., Suite 400<br>Portland, OR 97204<br>Email: ed@angelilaw.com |
| | *Attorneys for Plaintiff Siemens Medical Solutions USA, Inc.* |

**LOCAL RULE 7-2(B) CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,591 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*/s/ Molly A. Jones*
Molly A. Jones

PAGE 11 – MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT